# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.                                    Case No.      05-C-416
                                                             (96-CR-4)

**ROY EVANS,**

        **Movant.**

## DECISION AND ORDER

      In 1997, a jury found Roy Evans ("Evans") guilty of various drug offenses for which this Court sentenced him to a term of imprisonment. He unsuccessfully appealed his conviction. In both 2002 and 2004, Evans sought relief pursuant to 28 U.S.C. § 2255. The first motion was denied and the second motion was dismissed for lack of jurisdiction as a successive motion prohibited by statute. Next, in a filing received by the Court on April 11, 2005, Evans sought relief pursuant to 18 U.S.C. § 3582(c)(2). The Court found that motion to be an unauthorized successive attack on his sentence, which the Court accordingly dismissed for lack of subject matter jurisdiction. Evans subsequently filed a motion asking the Court to reconsider its dismissal of his § 3582 motion. By Order dated April 28, 2005, the Court denied Evans's motion to reconsider.

On May 9, 2005, this Court received Evans's Notice of Appeal related to the dismissal of his § 3582 motion. In order to appeal this Court's decision, Evans requires a certificate of appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22 ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). The Court, having reviewed Evans's submissions and its own decisions, will not issue the certificate.

Evans's § 3582 motion sought to reduce his sentence based on the decision of *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). The substance of his motion clearly comes within the purview of 28 U.S.C. § 2255 and was properly characterized as a successive motion. The Court further pointed out that, even if it were to consider the merits of Evans's arguments, he would fare no better. The Seventh Circuit Court of Appeals has held that *Booker* is not retroactively applicable to convictions such as Evans's that became final before January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Evans's motion to reconsider did not provide the Court with any insight as to why Evans maintains that *Booker* provides him with a ground for relief.

Because the Court finds that the arguments in Evans's § 3582 motion are without merit, the Court denies his request for a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Evans's Request for a Certificate of Appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 11th day of May, 2005.

                                           BY THE COURT

                                           s/ Rudolph T. Randa
                                           **Hon. Rudolph T. Randa**
                                           **Chief Judge**